■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ROGERS, Appellant. [629 NYS2d 445] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered October 13, 1992, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

As part of the responsibility of insuring a fair trial, a Trial Judge may seize the affirmative, when proper and necessary, to clarify perplexing issues, and even to develop significant factual information, so as to enforce propriety, orderliness, decorum, and expedition at trial *(see, People v De Jesus,* 42 NY2d 519, 523). However, this power is one that should be exercised sparingly, for such participation could inadvertently convey to the jury the Trial Judge's disbelief of a witness or otherwise

result in an unfair tactical advantage *(see, People v Yut Wai Tom,* 53 NY2d 44, 57).

We agree with the defendant that the Trial Judge deprived him of his due process right to a fair trial by repeatedly cross-examining him in a manner that conveyed to the jury the Trial Judge's opinion that he was guilty. Accordingly, the defendant is entitled to a new trial. Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.